IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ADRIAN RAMOS-LÓPEZ**,
   Plaintiff,

v.

**UNITED STATES OF AMERICA**,
   Defendant.

**CIV. NO**. 22-1029 (MDM)

**OPINION AND ORDER**

    Pending before the Court are two motions filed by the United States of America (hereinafter the "defendant" or the "United States"). The first is a motion for sanctions against the plaintiff Adrian Ramos-López (the "plaintiff" or "Ramos"), pursuant to Fed. R. Civ. P. 37(d) (Docket No. 21), and the second is a supplemental motion for sanctions (Docket No. 24). After careful consideration of the arguments presented *solely* by the defendant in both motions,[1] as well as the applicable law, the Court hereby **GRANTS** both motions and **DISMISSES** the case **WITH PREJUDICE** as a sanction under Rule 37 of the Federal Rules of Civil Procedure.

    **I.**    **Background**

    On January 14, 2022, the plaintiff filed suit against the United States for alleged medical malpractice committed by employees and staff of the San Juan Veterans' Administration Medical Center. On March 27, 2022, the defendant filed an answer to the complaint. The case was originally referred to the undersigned for the holding of an Initial Scheduling Conference ("ISC"),[2] which was held on January 23, 2023. During the ISC, the Court established a final discovery timetable that provided clearly defined discovery deadlines. (Docket No. 12). Among the deadlines established

---

[1] The plaintiff failed to respond to either motion.
[2] On January 24, 2024, the case was referred to the undersigned with the consent of the parties for all further proceedings, including the entry of judgment.

was a **March 24, 2023**, deadline for the parties to exchange answers to written Interrogatories and Requests for Production of Documents. (Docket No. 12).

On July 10, 2023, however, the plaintiff requested an extension of time to comply with many of the discovery deadlines established during the ISC. (Docket No. 17). More specifically, he requested an extension until **July 17, 2023,** for plaintiff to respond to the written Interrogatories and Requests for Production of Documents propounded by defendant; an extension until **August 30, 2023,** for the plaintiff to submit his expert report(s); an extension until **November 3, 2023,** to conclude depositions of fact witnesses; and an extension until **December 8, 2023,** to conclude depositions of expert witnesses. (Docket No. 18). In granting the requested extensions of time, the Court also set **January 12, 2024**, as the deadline to conclude all discovery, and **February 15, 2024**, as the deadline to file motions for summary judgment. *Id*. After filing his July 10, 2023, motion to extend nearly all of the discovery deadlines, the docket reflects no further activity by the plaintiff in this case.[3]

Defendant filed the pending motion for sanctions against the plaintiff, pursuant to Fed. R. Civ. P. 37(d), as a result of plaintiff's failure to comply with the Court's Order to respond to the written Interrogatories and Requests for Production of Documents by July 17, 2023, plaintiff's failure to provide outstanding discovery, and his purported pattern of failing to engage in proactive and good faith discovery (hereinafter the "Motion for Sanctions"). (Docket No. 21). In short, defendant claims that plaintiff's discovery violations have significantly affected its ability to adequately defend against this lawsuit. *Id*. The defendant therefore requests the dismissal of the case in its entirety as a discovery sanction, or, in the alternative, as a lesser sanction, the preclusion of certain evidence that plaintiff has failed to produce. Despite the severity of the sanctions requested by the defendant, the plaintiff failed to challenge or even respond to the Motion for Sanctions.

---

[3] That is until the plaintiff filed his Notice of Voluntary Dismissal at 5:14PM one day ago. So, from July 10, 2023, until February 6, 2024, there was no movement on the docket from plaintiff.

*After* the first Motion for Sanctions had been filed, the defendant claims that plaintiff committed additional discovery violations, namely, failing to produce plaintiff's expert report by August 30, 2023. For that reason, the defendant filed a supplemental motion for sanctions (hereinafter referred to as the "Supplemental Motion for Sanctions") claiming that plaintiff flouted yet another Court Order. (Docket No. 24). The defendant argued that plaintiff's latest discovery violation further validated the relief requested in the Motion for Sanctions and therefore warranted the outright dismissal of the entire action. As with the Motion for Sanctions, the plaintiff did not oppose the Supplemental Motion for Sanctions, nor did he issue any response whatsoever.

Because the plaintiff did not oppose either of the two motions for sanctions, the defendant requested that the Court deem as waived any (potential future) objection to its motions. (Docket No. 25). On September 19, 2023, the Court granted that request. (*See* Docket Entry Order No. 28.)

A reasonable period of time passed and the plaintiff neither reached out to the defendant to discuss discovery nor did he file any type of motion justifying his failure to comply with his discovery obligations or his failure to comply with the Court's orders. As a result, the defendant requested that the Court stay discovery pending the resolution of the Motion for Sanctions and the Supplemental Motion for Sanctions ("Motion to Stay Discovery"). (Docket No. 26). In its Motion to Stay Discovery, the defendant claimed that plaintiff's serious discovery violations continued to cause it serious prejudice considering the fact that the discovery deadlines continue to run, thus resulting in potentially fatal consequences to the defendant's ability to defend itself against the plaintiff's allegations. The Court granted the defendant's request and stayed discovery pending resolution of the two motions for sanctions. (Docket No. 29). As of today, discovery still remains stayed.

## II.   Discussion

In its Motion for Sanctions, the United States argues that plaintiff has engaged in a clear pattern of discovery violations by failing to produce relevant documents and

by failing to comply with the Court-ordered deadlines without cause or justification. More specifically, the United States claims that in February 2023, it issued a written Interrogatory and Request for Production of Documents, pursuant to Fed. R. Civ. P. 34, wherein it requested, among other things, relevant documents in plaintiff's possession, including the medical records from nine (9) medical offices or institutions which the plaintiff had purportedly visited, or from which he had purportedly received treatment.

As noted in the Court's original case management order at Docket No. 12, the written responses to interrogatories and accompanying production of documents should have been produced by the plaintiff by March 24, 2023, but that date was later extended per the plaintiff's request to **July 17, 2023**. The United States claims that plaintiff willfully ignored that deadline. In a good faith effort to resolve the discovery dispute, however, the defendant voluntarily afforded the plaintiff an additional brief extension of time until August 2, 2023, to comply. That deadline came and went with the plaintiff failing to comply.

According to the defendant, to the extent the plaintiff has produced any discovery, he has *only* provided limited or incomplete answers to interrogatories, which ultimately required supplementation. In those partial answers to Interrogatories, moreover, the plaintiff made reference to, or relied upon, medical records which the United States has requested on multiple occasions through the proper channels, but which the plaintiff, to this day, has still failed to produce. The defendant claims moreover that the only action which plaintiff has taken to disclose these medical records was back in July 2023, when he provided a hand-written letter in *Spanish* purportedly authorizing the United States to request the medical records directly from the medical providers.

In a nutshell, despite the defendant's objections to plaintiff's halfhearted and incomplete answers to Interrogatories and its multiple requests for the plaintiff to respond to the Requests for Production of Documents, to this day, more than six months *after* the deadline, the plaintiff has still failed to supplement his answers to

Interrogatories and has not produced *a single document* in response to the Request for Production of Documents.

As a factual matter, the Court finds the evidentiary materials requested by the defendant to be relevant to both the plaintiff's case-in-chief, and to the defendant's defenses thereto. Furthermore, they are not overly broad, nor unduly burdensome.

In addition to the above-described discovery violations, the Court also finds that the plaintiff has failed to comply with the Court's deadline to produce his expert report, which was due on **August 30, 2023**. Indeed, *to this day*, plaintiff has still failed to produce his expert report. The United States correctly argues that such expert report is indispensable for the plaintiff because his medical malpractice claims must rely on expert testimony.

As a result of these repeated discovery violations, the Court now has before its consideration the defendant's unopposed request for dismissal of the entire case, or in the alternative, unopposed request to preclude the admission of certain evidence in support of plaintiff's case. As will be discussed further below, plaintiff's failure to comply with his discovery obligations and failure to comply with the discovery deadlines runs the gamut from apparent negligence to outright defiance of the Court's orders.

      A.    <u>The Court's Authority to Sanction Parties for Discovery Violations.</u>

District courts have considerable autonomy in managing discovery proceedings. This authority extends both to setting disclosure deadlines and meting out sanctions when parties fail to honor such deadlines. *See Genereux v. Raytheon Co.*, 754 F.3d 51, 59 (1st Cir. 2014); *see also González-Rivera v. Centro Médico Del Turabo, Inc.*, 931 F.3d 23, 27 (1st Cir. 2019). A federal court may thus impose various sanctions when a civil litigant fails to respond to a discovery request or fails to comply with a court order. District courts rely on various authorities and procedures when considering sanctions for discovery failures. Pertinent here, Federal Rule of Civil

Procedure 37 authorizes sanctions where a party has failed to respond to discovery or has violated a court order directing discovery. *See* Fed. R. Civ. P. 37.

Under Rule 37, the district court maintains a variety of tools at its disposal to sanction a party who violates discovery orders and has wide discretion in choosing what sanctions are appropriate for discovery violations. *See* Fed. R. Civ. P. 37(b)(2); *Santiago–Díaz* v. *Laboratorio Clínico y De Referencia Del Este and Sara López, M.D.,* 456 F.3d 272, 275 (1st Cir. 2006). *See also Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 36–37 (1st Cir. 2012).

More specifically, Rule 37(b), provides in pertinent part as follows:

> **(b) Failure to Comply With a Court Order**
>
> \* \* \*
>
> (2) *Sanctions Sought in the District Where the Action Is Pending.*
>
>     (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
>         (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>         (ii) *prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence*;
>
>         (iii) striking pleadings in whole or in part;
>
>         (iv) staying further proceedings until the order is obeyed;
>
>         (v) *dismissing the action or proceeding in whole or in part*;
>
>         (vi) rendering a default judgment against the disobedient party;

> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). (Emphasis added).

Rule 37(d), meanwhile, provides in pertinent part that:

> (d) *Party's Failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection.*
>
> > (1) In General.
> >
> > > A. Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> > >
> > > > i. a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or
> > > >
> > > > ii. *a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.*

Fed. R. Civ. P. 37(d). (Emphasis added).

In sum, Rule 37 sets forth a clear path to be followed when a litigant is not cooperating in the discovery process. *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. 1991). "Federal Rule of Civil Procedure 37(b) equips courts with a 'veritable arsenal of sanctions' for noncompliance with court directives." *Hawke Capital Partners, L.P. v. Aeromed Services Corp.*, 300 F.R.D. 52, 55 (D.P.R. 2014) (quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 1985)); *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012) (citing *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993)) ("A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions.")

The goal of a sanction for discovery violations is both to penalize wrongful conduct and to deter future similar conduct by the particular party and others who might be tempted to engage in such conduct in the absence of such a deterrent. Fed. R. Civ. P. Rule 37; *Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75 (1st Cir. 2012). In other words, district courts may impose Rule 37 sanctions with an eye towards penalizing the particular noncompliance and deterring others from engaging in the same tactics. *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015); *Companion Health Servs., Inc. v. Kurtz,* 675 F.3d 75, 84 (1st Cir. 2012) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (per curiam)). "Courts cannot function smoothly if parties, and counsel, ignore the rules, overlook due dates, or flout court orders. In this sense, sanctions may be a useful tool in vindicating the court's authority, reminding those who need reminding of the protocol, and ensuring orderliness in the judicial process." *Anderson v. Beatrice Foods Co.*, 900 F.2d 388 (1st Cir. 1990).

Relevant to the facts of this case, Rule 37 identifies a party's failure to obey the court's discovery orders and its failure to disclose or supplement a discovery response as discovery violations that commonly warrant sanctions. *Skytec, Inc. v. Logistic Sys., Inc.*, Civil No. 15-2104-BJM, at *2-3 (D.P.R. Sep. 12, 2018). In the case of more serious violations, the district court can even go as far as dismissing actions when the violator is a plaintiff, or entering judgment by default, when the violator is a defendant. Fed. R. Civ. P. 37(b)(2)(C).

The First Circuit has set out a non-exhaustive list of factors for consideration when reviewing whether Rule 37 sanctions should be imposed, some substantive and others procedural. *Vallejo v. Santini–Padilla,* 607 F.3d 1, 8 (1st Cir. 2010). More specifically, the First Circuit has called on district courts to weigh the severity of the discovery violations, the legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions. *Id.* On the procedural side, appellate courts consider whether the district

court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty. *Id.*

The choice of sanction lies in the purview of the district court and appellate review for abuse of discretion is highly deferential. *AngioDynamics, Inc.*, 780 F.3d at 435. "[T]his standard of review is not appellant-friendly—and a disgruntled litigant bears a heavy burden in attempting to show that an abuse occurred." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002). Such abuse is found only "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir. 1988). Thus, "[t]he question on appeal is not whether [the appellate court], as an original matter, would have utilized the same sanction, whether some harsher sanction might have been warranted, or whether some less painful sanction might have sufficed; rather, the question is whether the district court, in choosing the particular sanction misused its discretionary powers." *Thibeault v. Square D Co.*, 960 F.2d 239, 243 (1st Cir. 1992); *González-Rivera*, 931 F.3d at 27.

There is "nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions [available under Rule 37] have been considered or tried." *Damiani v. Rhode Island Hosp.,* 704 F.2d 12, 15 (1st Cir. 1983). Thus, "[a] plaintiff who appeals such a dismissal bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering an order of dismissal under Rule 37." *Spiller v. U.S.V. Labs., Inc.,* 842 F.2d 535, 537 (1st Cir. 1988) (emphasis added); *Guex v. Allmerica Fin. Life Ins. & Annuity Co.,* 146 F.3d 40, 42 (1st Cir. 1998).

### B.   Grounds for sanctions.

The Court now discusses the First Circuit's non-exhaustive list of factors to be considered when determining whether the twin goals of punishment and deterrence

justify a particular sanction in the specific factual context of discovery violations in the present case. *Vallejo*, 607 F.3d at 8. *See also Angiodynamics, Inc.*, 991 F. Supp. 2d at 290, *aff'd*, 780 F.3d 429 (1st Cir. 2015).

To start, the Court assesses the pertinent procedural factors, namely, whether the offending party—here the plaintiff—had sufficient notice of the possibility of sanctions, and the opportunity to explain his misconduct and argue against the imposition of such a penalty. *Vallejo,* 607 F.3d at 8.

In this case, the plaintiff was afforded due notice of the possibility of the Court imposing sanctions, including the ultimate sanction of dismissal of his case. Indeed, the plaintiff was notified not just once of that possibility, but he was notified twice; first through the Motion for Sanctions (Docket No. 21), then again through the Supplemental Motion for Sanctions. (Docket No. 24). The plaintiff was also given an opportunity to explain his failure to comply with the discovery deadlines and his failure to comply with the Court's orders, but he failed to take advantage of that opportunity. In essence, the plaintiff sat on his hands and failed to offer up any excuse, legitimate or otherwise, for failing to comply with the discovery deadlines and the orders of this Court. Indeed, until he filed his Motion for Voluntary Dismissal one day ago at 5:14PM (Docket No. 30), the plaintiff had never addressed or even recognized his inaction in this case. In the end, Plaintiff's complete silence in the face of two Motions for Sanctions is illuminating and the Court can only view such inaction as something akin to the failure to prosecute his case. *See* Fed. R. Civ. P. 41.

Fed. R. Civ. P. 41(b) authorizes a district court to dismiss a case *with prejudice* to punish a plaintiff for failure to prosecute. Rule 41(b) is one manifestation of the ancient and inherent power of a trial judge "to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962). In appropriate circumstances the decision to dismiss is discretionary and "should be sustained on appeal in the absence of abuse." *Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.,* 848 F.2d 315, 316–17 (1st Cir. 1988).

Moving on now to the pertinent substantive factors, the Court begins with the history of the litigation and whether the violations have been repeated. As detailed above, the discovery process in this case has been fractured and incomplete since the beginning because plaintiff has repeatedly failed to comply with the discovery deadlines and has violated the Court's orders regarding discovery. More specifically, plaintiff has flouted the Court's discovery deadlines directing him to, among other things, provide his responses to the defendant's Interrogatories and Requests for Production of Documents by July 17, 2023, and directing him to produce his expert report by August 30, 2023. (Docket No. 18). Plaintiff has thus refused to comply with several important discovery deadlines and the Court's orders requiring the production of specific discovery by a date certain. To be sure, and most importantly the plaintiff has provided no substantive or meaningful discovery since the case was filed back on January 14, 2022.

The Court cannot condone or justify plaintiff's stonewalling and questionable approach to discovery. He has had more than adequate time to meet his discovery obligations in what can only be described as a run-of-the-mill medical malpractice case. More precisely, plaintiff has had sufficient time to collect the requested discovery, including his own medical records from multiple physicians, and sufficient time to prepare and disclose his expert report within the Court-established deadlines. All of this evidence had to be produced by the plaintiff in a timely manner and certainly within the Court-ordered deadlines. It was not.

The next factor to consider is the severity of the plaintiff's violations. Here, for the sake of avoiding repetition, the plaintiff missed all of the essential discovery deadlines imposed by the Court, including the deadline to respond to the written discovery and the deadline for providing his expert report. Without those things, the defendant has no ability to know what plaintiff's cause of action entails nor can the defendant mount a proper defense.  Such failure constitutes a clear pattern of discovery misconduct. Furthermore, the severity of plaintiff's violations is evident because, by now, discovery should have been concluded, yet plaintiff has produced

few if any documents, and has conducted little to no discovery. In sum, plaintiff has displayed a clear pattern of discovery violations that is deserving of sanctions.

Moving on to the next factors, the legitimacy of the plaintiff's excuse for failing to comply and the deliberateness of his actions in frustrating discovery, both of which can be discussed together. A litigant's good faith attempt to comply with a discovery rule is generally a legitimate excuse for an inadvertent or unintentional violation. *Angiodynamics, Inc.,* 991 F. Supp. 2d at 292, *aff'd*, 780 F.3d at 429. In this case, however, the plaintiff has offered no excuse for his repeated failure to comply. Moreover, his failure to even respond to the two motions for sanctions can only be interpreted as a deliberate act. In sum, the plaintiff has not shown no humility or contriteness for his failure to participate in discovery.

The Court turns now to the next factor—prejudice to the other side. In its motions, the defendant argues that plaintiff's incomplete and deficient answers to the interrogatories and his failure to produce a single document from the Request for Production of Documents has harmed its ability to properly litigate this case. The defendant also claims that plaintiff's failure to produce his expert report is highly prejudicial because without it, plaintiff cannot support his allegations and thus a substantive dismissal would be warranted. In addition, the failure to produce an expert report is highly prejudicial to the defendant because it doesn't allow for the preparation of a proper defense. *See AngioDynamics, Inc.*, 780 F.3d at 435. Without evidence produced by the plaintiff, the defendant cannot prepare to file a motion for summary judgment and certainly cannot prepare for trial. In essence, the rules of civil procedure were not adopted for the purpose of one side abiding by them while the other side flouts them. The rules are only effective if all parties are held to obey them equally across the board. Here, that has not been the case.

The Court thus finds that the plaintiff's failure to conduct discovery in good faith, and to produce relevant and routine evidentiary material in a timely manner, has not only been intrinsically offensive but has resulted in severe, manifest, and unfair prejudice to the defendant. The record extensively supports the proposition

that the defendant *has* suffered, and *continues* to suffer, substantial prejudice because it has been unable to conduct discovery in this case and, therefore, the prejudice to the defendant is patent.

Finally, the Court considers the discovery violations' impact on the district court's docket. "District courts have an interest in the efficient management of its docket." *Santiago-Lampon v. Real Legacy Assur. Co.*, 293 F.R.D. 86, 91 (D.P.R. 2013). A court's interest in administering its docket is strong. It follows that "[w]henever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised." *Id.* "[T]he court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002). It is beyond question therefore that a district court has inherent power to manage its affairs, including "the ability to do whatever is reasonably necessary to deter abuse of the judicial process." *Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1119 (1st Cir. 1989) (citation omitted).

Here, plaintiff's discovery violations have severely injured this Court's ability to manage its busy docket effectively. Again, plaintiff casually flouted the Court-ordered discovery deadlines. "Scheduling orders are essential tools for modern-day case management and litigants flout such orders at their peril." *González-Rivera,* 931 F.3d at 25. *See also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002). Furthermore, discovery in this case was set to conclude by **January 12, 2024**, and the motions for summary judgment were set to be filed by **February 15, 2024**, that is just one week from today. Because plaintiff has failed to comply with the Court's discovery deadlines and essentially shirked his responsibility to effectively conduct discovery, if at all, the defendant was forced to request the stay of discovery in order to avoid further prejudice. Discovery has thus been stayed since September 21, 2023 (Docket No. 29) and plaintiff has not filed *anything* on the Docket since July 10, 1023. If the plaintiff would have complied with the Court's discovery orders, discovery would have been concluded by now and

dispositive motions would be filed in the coming days. Yet, that is not the case because plaintiff has essentially brought this case to a halt. The Court cannot allow that to happen without consequences.

Overall, in assaying the discovery violations perpetrated by the plaintiff, and his failure to effectively prosecute this case, the Court finds that the lion's share of the pertinent factors warrants the imposition of sanctions. The Court further finds that the imposition of the ultimate sanction, namely dismissal of the present action, is justified in this case. *See Samaan*, 670 F.3d at 37. As explained above, the plaintiff's pattern of discovery violations is severe and prejudicial to both the defendant and the Court with respect to its duty to manage its cases.

The Court also heavily weighs the plaintiff's complete abdication of his duty to engage in proper discovery and to effectively litigate this case. Furthermore, as the defendant correctly argues, even if the Court were to grant the lesser sanction of evidence preclusion, the evidence that would be excluded would be the plaintiff's expert report. Such report is pivotal to plaintiff's claims and without it, the plaintiff cannot establish a plausible claim of entitlement to relief in his medical malpractice action. For that reason, as the defendant correctly argues, dismissal of the case as a sanction under Rule 37 is warranted given that dismissal is inevitable.

As the First Circuit has explained, if "the sanction fits the misconduct, a trial court is not obliged to withhold the sanction until it has first slapped the offender on the wrist." *Hooper–Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 38–39 (1st Cir. 2012). Although dismissal of a case may at times be a harsh sanction, the First Circuit has routinely recognized that it is an essential tool for district courts' effective exercise of their "right to establish orderly processes and manage their own affairs." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003).

### III. Conclusion

"[T]he judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines." *Legault v. Zambrano*, 105 F.3d 24,

29 (1st Cir. 1997). "If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." *Id*. (citing *Méndez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir. 1990)). Under Rule 37 the district court maintains a variety of tools at its disposal to sanction a party who violates discovery orders and has wide discretion in choosing sanctions for discovery violations. *See* Fed. R. Civ. P. 37(b)(2); *Santiago–Díaz,* 456 F.3d at 275.

To that effect, the Court made explicit and lengthy findings of egregious discovery abuses by the plaintiff that precisely support the sanction of dismissal under the applicable standard. *See Ortiz-López v. Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d 29, 37 (1st Cir. 2001). This sanction is necessary to properly address the plaintiff's misconduct because it challenges both the Rules and the Court's authority. In this case, specific discovery orders were in effect and were thereafter violated willfully by the plaintiff. It is black-letter law that scheduling orders and discovery orders are essential tools for modern-day case management and litigants flout such orders *at their peril. See González-Rivera*, 931 F.3d at 25. The discovery violations perpetrated by the plaintiff, including willfully and without cause disregarding the Court's orders, are not at all justifiable. *See Barreto v. Citibank, N.A.,* 907 F.2d 15, 16 (1st Cir.1990) (taking note of the "well established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation" and holding that dismissal was warranted to deter litigants from misconduct impeding the court's ability to manage its limited resources). *See also Vallejo*, 607 F.3d at 7–8 ("District courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established.) *See e.g., Benitez–Garcia v. González–*Vega, 468 F.3d 1, 4 (1st Cir. 2006); *Ortiz-López*, 248 F.3d at 32 (upholding dismissal of the plaintiff's case with prejudice after futile attempts to obtain discovery); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v).

Accordingly, pursuant to Fed. R. Civ. P. 37, the Court hereby **DISMISSES** the present case **with prejudice**.[4]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of February 2024.

*s/Marshal D. Morgan*
Marshal D. Morgan
United States Magistrate Judge
for the District of Puerto Rico

---

[4] On February 6, 2024, at 5:14PM, the plaintiff appeared for the first time since July 2023 and casually requested the voluntary dismissal of the case *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(2) (Docket No. 30). That rule allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)) (internal quotation mark omitted). Plaintiff's request is unavailing for various reasons.

Counsel for the plaintiff indicated, without much detail or explanation, in his Motion for Voluntarily Dismissal that plaintiff had experienced some health issues, which made it difficult for counsel to communicate with him. Counsel also stated that he was finally able to retain the services of an expert. Shockingly absent from plaintiff's motion is any acknowledgement whatsoever of his discovery violations or the fact that the defendant had requested on two occasions the dismissal of the case *with prejudice* as a discovery sanction under Fed. R. Civ. P. 37. While the Court sympathizes with plaintiff's alleged health issues, by no means does his recent filing constitute good cause nor a valid justification for the serious discovery violations explained above. Furthermore, as the plaintiff acknowledges, Rule 41 allows for a plaintiff to voluntary dismiss his case as long as no other party will be prejudiced. As explained above, that is not the case here. The Court explained in great detail the severe prejudice that plaintiff has caused and continues to cause to the defendant and to the Court with respect to its ability to manage an overburdened docket.

The Court therefore finds that plaintiff's motion is little more than a last-ditch effort to avoid the hot fire of well-deserving sanctions, including the dismissal *with prejudice* of this case. For the reasons explained in this Opinion and Order, the Court finds that the dismissal of the case *with prejudice* is warranted given the gravity of the discovery violations perpetrated by the plaintiff, including willfully and without cause disregarding the Court's multiple discovery deadlines and for essentially failing to prosecute this case.